UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN R. AND JUANA DURRUTHY, <br><br> Plaintiffs, <br><br> v. <br><br> ADRIENNE WEIL, MTC FINANCIAL, INC., AND CAPITAL ONE, N.A., <br><br> Defendants. | Case No.: 17-cv-02261-AJB-BGS <br><br> **ORDER DENYING PLAINTIFFS' PETITION TO PERPETUATE TESTIMONY** <br><br> (Doc. No. 1) |

On November 6, 2017, Plaintiffs Juan R. and Juana Durruthy, proceeding pro se, filed a petition to perpetuate the testimony of Amy Lemus, Veronica Cavazos, and Miguel Ochoa (the "Petition"). (*See generally* Doc. No. 1.) In response Defendant Capital One, N.A., filed a motion to dismiss the Petition. (Doc. No. 5.) Plaintiffs did not file an opposition to the motion. Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers and without oral argument. Accordingly, the motion hearing set for April 12, 2018, is hereby **VACATED**. For the reasons set forth below, the Court **GRANTS** Capital One's motion to dismiss the Petition.

## **DISCUSSION**

At the outset, the Court **GRANTS** Capital One's request for judicial notice. (Doc. No. 6.) Capital One requests notice of three documents from Plaintiffs' initial case filed

1

with this Court and Plaintiffs' eight bankruptcy cases filed with the Bankruptcy Court for the Southern District of California. (*Id.* at 2.) Courts have routinely found these documents to be public records that can be "accurately and readily" determined from reliable sources. Fed. R. Evid. 201(b). Accordingly, judicial notice of the documents requested by Capital One is warranted. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs, transcripts, pleadings, memoranda, and expert reports that were filed in another lawsuit).

Next, turning to the issue at hand, the Court outlines that the subject matter that Plaintiffs wish to establish through the perpetuated testimony are that (1) "the Defendant has never acquired any legal rights, including servicing rights, or any interest in the petitioners' title to their home, or the note and trust deed that was recorded against the title"; (2) "the defendant is involved with the theft of the petitioners' identifying, banking, financial and credit information for its own profit"; and (3) "the defendant is using the state and county foreclosure process to launder counterfeit and forged instruments." (*See generally* Doc. No. 1.)

Federal Rule of Civil Procedure 27 states that:

> A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony.

Fed. R. Civ. P. 27(a)(1). Specifically, the petitioner must show: (1) "that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;" (2) "the subject matter of the expected action and the petitioner's interest;" (3) "the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;" (4) "the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known;"

and (5) "the name, address, and expected substance of the testimony of each deponent." *Id.* at (a)(1)(A)–(D).

Rule 27 applies where testimony or evidence might be lost to a prospective litigant unless a deposition is taken immediately to preserve the testimony for future use. *See Ash v. Cort*, 512 F.2d 909, 911 (3rd Cir. 1975). However, the Ninth Circuit and many other courts have clearly and repeatedly held that "Rule 27 cannot be used as a substitute for discovery to determine whether a cause of action exists or to preserve unknown information that may be helpful in future litigation." *In re Certain Investor in EFT Holdings Inc. to Perpetuate Testimony of Mr. Jack Qin*, No. CV 13-0218 UA (SS), 2013 WL 3811807, at *4 (C.D. Cal. July 22, 2013). "The grant or denial of a petition to preserve testimony is within the discretion of the Court." *In re Provident Life and Acc. Ins. Co. to Perpetuate Testimony*, No. MC 13-231 UA (JC), 2013 WL 3946517, at *1 (C.D. Cal. July 26, 2013) (citation omitted).

As a threshold issue, the Court notes that Plaintiffs have failed to oppose Capital One's motion to dismiss. Thus, pursuant to Civil Local Rule 7.1 this constitutes a "consent to the granting of a motion . . . ." CivLR 7.1.f.3.c. Despite this deficit, the Court wishes to reach the merits of Plaintiffs' Petition. Unfortunately, due to the various procedural and substantive factual deficiencies with the Petition, the Court is unwilling to perpetuate testimony in this case.

First, as Capital One points out, Plaintiffs' Petition is not verified as Rule 27 requests. (Doc. No. 1 (*see Coulter v. Baca*, No. 13-cv-6090-CBM (AGRx), 2014 WL 12589652, at *3 (C.D. Cal. May 23, 2014) (illustrating that a verified complaint needs to be signed under penalty of perjury)). Next, the Petition fails to establish the majority of the prerequisites for the application of Rule 27. The Court notes that the Petition does not clearly demonstrate why Plaintiffs cannot presently bring their action or that the testimony might be lost unless taken immediately. *See Tennison v. Henry*, 203 F.R.D. 435, 440 (N.D. Cal. 2001) ("In order to demonstrate that there is significant risk of loss, '[i]t is advisable, though not necessary, to show particular circumstances indicating a concrete danger of

loss.'") (citation omitted); *see also Matter of Ricci & Kruse Lumber Co.*, No. 18-mc-80021-MEJ, 2018 WL 732498, at *2 (N.D. Cal. Feb. 6, 2018) (discussing whether the proposed witnesses advanced age demonstrated an immediate need for the perpetuation of his testimony). Moreover, the Petition does not provide the name and addresses of the prospective deponents as required by Rule 27. (*See* Doc. No. 1.)

In sum, the Court is not persuaded that Plaintiffs are entitled to obtain discovery before litigation has commenced and is not satisfied that the perpetuation of testimony "may prevent a failure or delay of justice[.]" Fed. R. Civ. P. 27(a)(3). Most notable is Plaintiffs' failure to adequately identify the risk or risks which would justify the immediate need to perpetuate testimony in the instant case. *See In re Provident Life*, 2013 WL 3946517, at *2 ("Among the factors that courts have found to be persuasive in justifying the need to perpetuate testimony are: 1) advanced age or infirmity of witness; 2) the possibility that the witness will not be willing to testify if discovery is delayed; and 3) the uniqueness of the information at issue.") (citation omitted).

## CONCLUSION

In light of its factual and procedural deficiencies, Plaintiffs' Petition is **DENIED** and the action is dismissed **WITHOUT PREJUDICE**.[1] The Clerk of Court is **DIRECTED** to **CLOSE** this case.

Dated: March 15, 2018

Hon. Anthony J. Battaglia
United States District Judge

---

[1] Capital One requests that the Petition be dismissed with prejudice as Plaintiffs filed another lawsuit against Defendants in January of 2017—17-cv-0055-AJB-BGS. (Doc. No. 5 at 3.) This case was dismissed for failure to pay the filing fee. (Doc. No. 6 at 30–31.) However, without more information as to the nature of the lawsuit in the current matter, the Court declines to dismiss with prejudice.

5